In re Paul Eugene BURRELL, Debtor.

Bankruptcy No. 4–79–03262PH.

United States Bankruptcy Court,
N. D. California.

Feb. 12, 1980.

Robert L. Ward, Oakland, Cal., for debtor.

Paul De Bruce Wolff, Oakland Cal., Trustee in Bankruptcy.

## MEMORANDUM FOR ORDER

ROBERT L. HUGHES, Bankruptcy Judge.

Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C., on December 6, 1979. The case came regularly before the Court on January 28, 1980 for hearing on confirmation of the plan.

The debtor offered evidence from which the Court finds:

1. The plan proposes to pay creditors $450 per month until all allowed secured claims are paid in full and all allowed unsecured claims are paid 15 cents on the dollar.

2. The plan meets all of the express statutory requirements of confirmation contained in 11 U.S.C. § 1325. In particular, it proposes to pay holders of allowed unsecured claims "not less than the amount that would be paid on such claims if the estate of the debtor were liquidated under Chapter 7 . . ." 11 U.S.C. § 1325(a)(4). In addition, I find the debtor will be able to make all payments under the plan and to comply with the plan. 11 U.S.C. § 1325(a)(6).

3. I further find that the plan, which will take approximately 36 months to complete, represents the debtor's best effort, i. e., that the amount and term of payments are the greatest the debtor can reasonably pay.

4. Allowed secured debt to be paid under the plan approximates $9559 and unsecured debt affected by the plan approximates $27,500, of which 15% or $4125 is to be paid under the plan.

From the foregoing, I conclude that the plan should not be confirmed because the proposed payment to unsecured creditors is not substantial, which means that at least 70% of allowed unsecured claims would be paid.

### Discussion

There is no express, statutory requirement that plans propose substantial payments on unsecured claims, nor any provision of Chapter 13 that defines substantial as being at least 70% of such claims.[1] I have concluded that it is necessary to read such a requirement into 11 U.S.C. § 1325(a) on the basis that failure to do so will frustrate the objectives of Congress and lead to absurd results considering Chapter 13 within the Bankruptcy Code as a whole.

Unlike former Chapter XIII of the Bankruptcy Act, from which it is drawn, Chapter 13 permits the following:

1. Confirmation of plans without creditor consent, indeed over creditor opposition. There is no provision for unsecured claimants to accept or reject the plan.[2] This also contrasts with Chapter 11, which requires creditor acceptance of plans before they may be considered for confirmation.[3]

2. The plan may be confirmed despite the fact the debtor may have been guilty of an act that would bar a discharge in straight bankruptcy, including obtaining a

---

1. Confirmation standards are found in 11 U.S.C. § 1325(a).

2. Commission Report, Part II, p. 207; see also note 1 on page 208. House Report pp. 123–124. Acceptance of a plan by the majority in number and amount is required in Chapter XIII. Section 652(1).

3. 11 U.S.C. § 1126 deals with acceptance of plans. In addition, 11 U.S.C. § 1125 requires adequate disclosure of information for purposes of voting acceptance or rejection of the plan.

discharge in a bankruptcy case commenced within the preceding six years.[4]

3. Completion of the plan discharges all debts (other than those based on support owed to a spouse or child),[5] including fraud judgments,[6] criminal fines,[7] embezzlement and theft liabilities,[8] as well as all other debt that would be excepted from discharge had the debtor filed Chapter 7 ordinary (or straight) bankruptcy.

Taken together, these three departures from former Chapter XIII are so striking that one assumes they would only apply in cases in which the plan proposes to pay creditors in full or at least in substantial part and even then only if the plan as proposed is a good faith effort to pay creditors the greatest amount that can reasonably be expected. Indeed, such is the apparent assumption running through reports of the Bankruptcy Commission of the United States (which recommended[9] elimination of creditor voting and any bar to confirmation based on acts that would cause denial of discharge in ordinary bankruptcy) and of the House and Senate. Pertinent excerpts of the three reports are attached to this memorandum. The reader of the latter reports must conclude that Congress intended to encourage full payment Chapter 13 plans and *substantial* partial payment plans. Nothing in the reports suggest any intention on the part of Congress to encourage *nominal* partial payment plans.

Further evidence that Congress intended only substantial partial payment plans to share with full payment plans in the incentives granted Chapter 13 debtors is found both in Chapter 13 and elsewhere in the Code. Section 1328(a) provides for discharge of most debts that would be excepted from discharge in ordinary bankruptcy if all payments under the plan are completed.

However, Section 1328(b), which grants a hardship discharge to the debtor who is unable to complete the payments "due to circumstances for which the debtor should not justly be held [responsible]," subjects the debtor to the same dischargeability standards applicable in ordinary bankruptcy. Such a disparity of treatment makes sense only if the section 1328(a) discharge is limited to plans that are both substantial and represent the debtor's effort.

■ Similar incongruities are found by comparing a debtor who proposes a nominal payment plan under Chapter 13 and the same debtor who takes Chapter 7 or Chapter 11. The embezzler who proposes a nominal payment in Chapter 13 is discharged of the debt[10] while the embezzler who files ordinary bankruptcy or a nominal payment plan in Chapter 11 remains liable.[11] The overall statutory scheme is consistent only with the assumption that debtor plans may be confirmed in Chapter 13 only if the plan proposes substantial payment and is the debtor's best effort.

Additional evidence that Congress intended that increased benefits of Chapter 13 be restricted to best-effort and substantial-payment plans is provided by Section 727(a)(9), which governs discharges in ordinary Chapter 7 bankruptcy following confirmation of a composition (partial payment) plan under Chapter 13 within the previous six years. The prior partial payment plan does not bar discharge in the ordinary bankruptcy case provided that payments under the plan were (1) at least 70% of allowed unsecured claims and (2) the plan was the debtor's best effort. This provision not only supports the concept of substantial payment plans but, in effect, defines substantial payment as 70% or more of allowed unsecured claims.

---

4. This was recommended by the Bankruptcy Commission. Commission Report, Part II, p. 208. An act that would bar discharge barred confirmation of Chapter XIII plans under the former Act. Section 656(a)(3).

5. 11 U.S.C. § 1328(a), 11 U.S.C. § 523(a).

6. 11 U.S.C. § 523(a)(2).

7. 11 U.S.C. § 523(a)(7).

8. 11 U.S.C. § 523(a)(4).

9. See notes 2, 4.

10. 11 U.S.C. § 1328(a).

11. 11 U.S.C. § 523(a)(4), 11 U.S.C. § 1141(d)(2).

Unaccountedly, Congress did not include a substantial payment or best effort requirement in Chapter 13 confirmation standards.[12] One must assume it was an oversight, and that had such a standard been considered it would conform to that which Congress did consider and established in Section 727(a)(9).[13]

### Holding

■ In order to help achieve, rather than frustrate, Congressional policy and in order to avoid a construction of Chapter 13 that leads to absurd results,[14] I hold that substantial payment and best effort requirements must be read into Section 1325(a). I further hold that Congress has defined substantial as 70% or more of allowed unsecured claims.[15]

■ Although debtor's plan meets the best effort test, it falls considerably short of meeting the substantial payment requirement.

Accordingly, confirmation of the plan proposed by debtor should be denied.

---

12. The minimum required is "not less than the amount that would be paid . . . if the estate of the debtor were liquidated under Chapter 7 . . ." 11 U.S.C. § 1325(a)(4). This was known as the best interests test under the Act.

    If all the debtor's assets are exempt, a plan proposing no payments at all on unsecured claims satisfies the above test.

13. Senate Bill 658, 96th Cong. 1st Sess., Sec. 188 would amend 11 U.S.C. § 1325(a)(3) to require the debtor's best effort. This is explained in Report No. 96–305 accompanying S. 658: "This amendment makes a change to section 1325(a)(3) so that it is clear that the court should determine that the payments in the plan proposed by the debtor are the greatest that the debtor can reasonably pay so that the liberal provisions allowing composition plans in Chapter 13 will not be abused by debtors. It conforms to the standard of Section 727(a)(9) relating to the bar to discharge."

14. "If the literal import of the text of an act is not consistent with the legislative meaning or intent, or such interpretation leads to absurd results, the words of the statute will be modified by the intention of the legislature." 2A Sutherland Statutory Construction, 4th ed. p. 65 (§ 46.0).

15. 11 U.S.C. § 727(a)(9).