**In re Jerry Wayne WEBB and Deborah Lynne Webb, Debtors.**

**Bankruptcy No. 1–79–00790.**

United States Bankruptcy Court,
N. D. California.

Feb. 21, 1980.

Edmund O. Pahl, Fairfield, Cal., for debtor.

Paul deBruce Wolff, Oakland, Cal., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CONLEY S. BROWN, Bankruptcy Judge.

The above entitled debtors filed a Chapter 13 on October 19, 1979. The debtors indicated that they had three secured loans: One to Commercial Creditors Corporation with a balance of $2107.19 secured by household furniture, one loan to Hoffman Music Company for $500 with security in a piano and stereo, and one loan to Old National Bank for $1810 secured by a 1974 Pontiac automobile. They also indicated that they had unsecured creditors in the amount of $14,769.90 that they proposed to pay 1%. They made allegations in their Plan that the value of the security held by Commercial Credit was $700, the value of security held by Old National Bank was $1300 and the value of security held by Hoffman Music was $500 and agreed that they should retain their lien until said amounts were paid. Commercial Credit and Old National Bank filed claims but did not question the values set forth. Hoffman Music did not file a claim.

Both debtors had obtained a Discharge in Bankruptcy filed in February, 1976 in Los Angeles California District Court. From the above this Court finds that:

1. The Plan complies with the provisions of Chapter 13,

2. All fees and charges required to be paid before confirmation have been paid,

3. The Plan has been proposed in good faith and not by means forbidden by law,

4. The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of cash allowed unsecured claims is not less than the amount that would be paid on such claims if the estate of the debtors were liquidated under Chapter 7.

5. It is especially found that from the assets disclosed on the schedules there would be no payout to unsecured creditors at all if a Chapter 7 could be successfully concluded and it is further found that a 1% payment would be both insulting and de minimus and no payment should be made to unsecured creditors.

6. It is found that the two secured creditors that filed claims accepted the Plan by failure to either accept or reject on their claim forms and the Plan provides that secured creditors maintain their liens and the amounts be distributed in not less than the amount of the allowed claims. It is further found,

7. That the debtors will be able to make all payments under the Plan and will be able to comply with the Plan.

## CONCLUSIONS OF LAW

1. The Plan should be confirmed.

2. No payment should be made to unsecured creditors and since the proposal for payment was de minimus no further notice should be given.

3. The secured obligation of Hoffman Music Company must be treated as an unsecured claim pursuant to Bankruptcy Bank Rule 13–302(e)(1) which is not in conflict with the Code unless the debtors or the Trustee occasions a filing on behalf of said creditor pursuant to the last paragraph of said Rule.

4. Hoffman Music Company retains its lien.