**In re Stuart R. and Shiela M. TERRY, Debtors.**

**A. L. TENNEY, Trustee,**

**v.**

**Stuart R. and Shiela M. TERRY, Debtors.**

**Bankruptcy No. HS 79 83 B.**

United States Bankruptcy Court,
W. D. Arkansas,
Hot Springs Division.

Feb. 22, 1980.

George Bachelor, III, Hot Springs, Ark., for debtors.

A. L. Tenney, pro se.

MEMORANDUM OF FINDINGS OF FACT AND CONCLUSIONS OF LAW OVERRULING TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

CHARLES W. BAKER, Bankruptcy Judge.

The debtors' plan provides for no payments to any creditors. The filing fee and attorney's fee have been paid. All creditors are unsecured. All of the debtors' property is claimed exempt and is within the allowable limits. The standing Chapter 13 trustee has filed written objection to the plan on two grounds:

1) The debtors are not individuals with regular income within the meaning of 11 U.S.C. § 101(24) and, therefore, not eligible for Chapter 13 pursuant to 11 U.S.C. § 109(e).

2) The plan is not proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

## INDIVIDUAL WITH REGULAR INCOME

■ 11 U.S.C. § 109(e) says that "Only an individual with regular income . . ". may be a debtor under Chapter 13 . . .". 11 U.S.C. § 101(24) provides as follows:

Individual with regular income means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stockbroker or a commodity broker.

The trustee's theory is that the debtors do not qualify because their petition shows, in the monthly family budget, that their monthly expenses exceed their monthly income by $8.00. Therefore, the trustee argues they do not have any income ". . . to make payments under a plan . . .". The answer to the trustee's argument is that 11 U.S.C. § 101(24) requires that the income be ". . . sufficiently stable and regular to enable such individual to make payments under a plan . . ." Because the plan does not require payments, the debtors' income is sufficient to make the payments. This section of the Code only makes sense if the question is: Does the debtor have sufficiently stable and regular income to make the payments called for in the plan that is proposed? The debtors' income meets this test and, therefore, the debtor is eligible for relief under Chapter 13 insofar as 11 U.S.C. § 109(e) is concerned.

This view of the requirements for eligibility is supported by 11 U.S.C. § 1325(a)(6) which sets forth the six conditions, which if found to exist, require the Court to confirm the plan. 11 U.S.C. § 1325(a) is as follows:

(6) the debtor will be able to make all payments under *the* plan and to comply with *the* plan. (emphasis added).

## GOOD FAITH

11 U.S.C. § 1325(a)(3) is one of the series of conditions which if found to exist, requires the Court to confirm the plan. It reads as follows:

\*   \*   \*   \*   \*   \*

(3) the plan has been proposed in good faith and not by any means forbidden by law;

Although the language of the Code does not directly say that failure to meet one of the conditions of 11 U.S.C. § 1325 requires the Court *not* to confirm the plan, the Court for purposes of this opinion is assuming that all conditions of 11 U.S.C. § 1325 must be met before the Court may confirm.

Concerning the good faith requirement *Collier* says:

Section 1325(a)(3) is derived from Bankruptcy Act § 651. There is no reported case law construing the good faith requirement under Bankruptcy Act § 651, nor does the legislative history of section 1325(a)(3) reveal its rationale. Vol. 5 Collier on Bankruptcy, 15th Edition ¶ 1325.-01(C).[1]

The editors of Bankruptcy Service, Lawyers Edition, add nothing to the discussion.

The trustee argues that the Court should look to the old Bankruptcy Act under Chapter X for the meaning of "good faith". There we find in old § 146 (11 U.S.C. § 546) the following:

"Sec. 146. Without limiting the generality of the meaning of the term 'good faith', a petition shall be deemed not to be filed in good faith if—

(1) the petitioning creditors have acquired their claims for the purpose of filing the petition; or

(2) adequate relief would be obtainable by a debtor's petition under the provisions of chapter XI of this Act; or

---

1. § 651 in this quote refers to § 651 of the old Bankruptcy Act which dealt with Chapter XIII. The Court could not find any discussion anywhere of the meaning of "good faith" as it is used in former section 651 (11 U.S.C. § 1051) or Rule 13–213 of the Rules of Bankruptcy Procedure which sets forth the procedure for confirmation of XIII's under the old Bankruptcy Act.

(3) it is unreasonable to expect that a plan of reorganization can be effected; or

(4) a prior proceeding is pending in any court and it appears that the interests of creditors and stockholders would be best subserved in such prior proceeding."

Collier says:

"Section 146 provides four specific negative tests, to be discussed hereafter in detail, which may be applied to determine whether a petition is filed in good faith. But the section expressly provides at the outset that the generality of the term is not limited to these four provisions. Consequently, the statutory enumeration, while inclusive, is not exclusive; the court, in the exercise of a sound discretion, may enlarge it, and if in a particular case it shall appear that good faith was not used in connection with the filing of the petition, it may accordingly dismiss the petition on that ground." *Collier On Bankruptcy*, 14th Ed., p. 1045.

First of all, Congress could have said "good faith" means what we said in old § 146. Congress did not say that. Congress said nothing. For purposes of analysis, the Court will assume that good faith under Chapter 13 of the new Bankruptcy Code means what it meant under old § 146.

Obviously, subpart (1) of old § 146 is not applicable because this Chapter 13 is as all 13's must be, filed by the debtor and not by creditors.

Likewise, subpart (3) of old § 146 is not applicable because the plan calls for nothing to be paid and that is possible.

Similarly, subpart (4) of old § 146 is not applicable because there are no other proceedings pending.

However, the trustee looks at subpart (2) of old § 146 and argues that it is applicable to the facts at hand. The trustee argues that adequate relief is available to the debtors via Chapter 7 and, consequently, their Chapter 13 no-payment plan is not filed in "good faith".

The trustee's argument presupposes that there is some inherent difference, between a Chapter 7 and a Chapter 13, which must be preserved inviolate less the remedial purposes of the bankruptcy laws be for naught. This Court does not agree with the trustee's presupposition. From the individual consumer debtors' point of view, they are faced with intolerably burdensome debts and are looking for a "fresh start." This is decidedly different from the debtor in a Chapter X, who had to be a corporation, most likely engaged in some business, that was supposed to be reorganized, continue to exist, deal with all kinds of creditors and its stockholders. Chapter X was a highly complex legal proceeding and was expensive to the creditors, debtors and the Courts. There were justifiable reasons to quickly bring Chapter X's to an end if it was possible to provide the necessary relief by some other simpler and less expensive proceeding.

When dealing with a consumer debtor, the Chapter 13 case is no more complex than a Chapter 7. In fact, many believe Chapter 13 is simpler. Furthermore, the relief under Chapter 13 is often more meaningful. For example, there are debts that are dischargeable in a Chapter 13 that are not in a Chapter 7.

The trustee's position would require the Court in *every* Chapter 13 (not just no-payment cases) case to make an examination into whether or not Chapter 7 is an adequate remedy. Such an inquiry would be extremely time-consuming and usually meaningless. Debtors ordinarily do not have enough knowledge of what they have done in the past to know whether they have given a materially false financial statement or made some other false representation or false pretense or done some act that is a fraud or defalcation or committed a willful and malicious injury. Any of these circumstances could lead to a non-dischargeable debt under Chapter 7 which would make relief inadequate when compared to relief in a Chapter 13.[2]

2. See difference between debts discharged under 11 U.S.C. § 1328(a) and 11 U.S.C. § 727. Read 11 U.S.C. § 523.

From this Court's point of view, the primary purpose of the new Bankruptcy Code is to give a "fresh start" to the consumer debtor. The Code provides two ways to do it and the choice is up to the debtor.

 The trustee also argues that if this plan is confirmed he will not be compensated and Congress would never have intended this result. The trustee in this case is a standing Chapter 13 trustee, has been for many years, and this Court feels confident that the trustee's position in this case is not motivated by the prospect of no compensation. Although that prospect has some weight in the Court's consideration of this matter, it is *de minimis*. The trustee in a no-asset case under Chapter 7, who is paid a paltry $20.00 for his services, is scarcely better off than the trustee herein. A wag might suggest that poetic justice has been achieved and, indeed, that it may be therapeutic for trustees to join the ranks of unpaid creditors.

The trustee argues that Chapter 13 was designed to facilitate the payment of debts by extension and/or composition plans. Admittedly, a debtor can do that under Chapter 13 and not under Chapter 7. However, there are many other things that a debtor can do under a Chapter 13. It has never been seriously suggested that the debtor must be in need of every kind of assistance that can be given under a Chapter of the Code before the debtor can use any of it. These debtors apparently do not need or at least have not chosen to do all of the things they could do under Chapter 13. That choice does not show lack of "good faith".

These debtors have chosen to seek help in the form of the Chapter 13 remedy provided by Congress. This Court believes that it will bode ill for the Bankruptcy Courts to use the requirement of "Good Faith" as a peg from which they spin a web of nebulous judicial requirements for confirmation which have not been made by Congress. In an area as fraught with the enmity and misunderstanding as is created by discharge of debts in bankruptcy, this Court is reticent to tack onto the work of Congress its own notions of what debtors ought to do in order to be afforded a discharge from their debts.

Consequently, the Court finds that there is no requirement that a plan under Chapter 13 propose a payment to creditors in order to be in good faith as required by 11 U.S.C. § 1325(a)(3).

WHEREFORE, the Objection to confirmation by the trustee is overruled and the debtors' plan is confirmed.