**In re Harold Eugene ROY and Nellie Carol Roy, Debtors.**

**THOMPSON SUPPLY COMPANY, INC., Plaintiff,**

v.

**Harold Eugene ROY, Defendant.**

**Civ. A. No. 80–0138.**

United States Bankruptcy Court, M. D. Alabama.

Aug. 11, 1980.

Howard F. Bryan, III, Montgomery, Ala., for plaintiff.

---

1. 11 U.S.C. §§ 1301–1330. All chapters and sections cited are to Title 11, United States Code, the Bankruptcy Code.

Charles N. Parnell, III, Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

LEON J. HOPPER, Bankruptcy Judge.

The debtors, Harold Eugene Roy and Nellie Carol Roy, filed a joint Chapter 13 [1] case in this court on April 17, 1980. Their plan proposes to pay their delinquent taxes in deferred payments and to pay the value of the collateral to those creditors holding secured claims. The plan proposes to pay nothing to the holders of unsecured claims.

An unsecured creditor, Thompson Supply Co., Inc., objected to the confirmation of the plan and the matter is submitted to the court on the stipulation of the parties. It appears therefrom that there are two issues presented to the court. First, may a Chapter 13 plan be confirmed which does not propose to pay all of the unsecured claims or at a minimum 70 percent of such claims under a plan proposed by the debtor in good faith and which is the debtor's best effort? Secondly, may a plan be confirmed by the court which proposes to make no payment to unsecured creditors?

Contrary to what appears to be a provision in the stipulation, there is a reported decision which holds that courts in confirming Chapter 13 plans should, in the absence of any standard set by Section 1325 of the code, apply the provisions of Section 727(a)(9) and require a minimum 70 percent payment as contended by this objecting creditor. *In re Burrell*, 2 B.R. 650, CCH Bankruptcy Law Reporter ¶ 67,382 (Bkrtcy. 1980).

The courts have confirmed plans in cases where the percentage payment to unsecured creditors was less than 70 percent. *In re Powell*, 2 B.R. 314, 5 BCD 1233 (Bkrtcy.1980); *In re Keckler*, 3 B.R. 155, CCH Bankruptcy Law Reporter ¶ 67,367 (Bkrtcy.1980); *In re Moss*, 5 B.R. 123, CCH

Bankruptcy Law Reporter ¶ 67,492 (Bkrtcy. 1980). Other cases have held that plans may be confirmed where no payment is made to unsecured creditors and that such plans are not violative of the good faith provision of Section 1325. *In re Cloutier*, 3 B.R. 584 (Bkrtcy.1980); *In re Webb*, 3 B.R. 61, CCH Bankruptcy Law Reporter ¶ 67,449 (Bkrtcy.1980); *In re Harland*, 3 B.R. 597 (Bkrtcy.1980); *In re Terry*, 3 B.R. 63, 5 BCD 1397 (Bkrtcy.1980); *In re Sadler*, 3 B.R. 536 (Bkrtcy.1980); and *In re Thebeau*, 3 B.R. 537 (Bkrtcy.1980). Some courts have refused confirmation where there is nominal or no payment proposed to be made to unsecured creditors under the plan. *In re Iacovoni*, 2 B.R. 256, CCH Bankruptcy Law Reporter ¶ 67,319 (Bkrtcy.1979); *In re Beaver*, 2 B.R. 337, 5 BCD 1285 (Bkrtcy.1980); *In re Bloom*, 3 B.R. 467 (Bkrtcy.1980); and *In re Cook*, 3 B.R. 480 (Bkrtcy.1980). Some of these courts have relied upon the good faith requirement of Section 1325(a)(3) in rejecting plans, finding that the proposed plan did not constitute "meaningful" or "substantial" payment to unsecured creditors. *In re Beaver* and *In re Iacovoni, supra; In re Howard*, 3 B.R. 75, 5 BCD 1375 (Bkrtcy.1980); and *In re Campbell*, 3 B.R. 57, 5 BCD 1365 (Bkrtcy.1980).

This court rejects the reasoning in *In re Burrell, supra*, where a minimum 70 percent payment was stated to be a requirement for confirmation. Section 727(a)(9) is not applicable to the confirmation of Chapter 13 cases and is a standard intended by Congress solely for the purpose of determining who is eligible for a discharge in a Chapter 7 liquidation case. Unlike Chapters 1, 3 and 5 of the Bankruptcy Code, the provisions of Chapter 7 do not apply to Chapter 13. 11 U.S.C. § 103. Had Congress intended that there be a minimum percentage requirement in Chapter 13 plans, then such a requisite could easily have been written into Sections 1322 and 1325 of the Code.

In the present case the debtors are offering under their plan to pay into court $125.00 each two weeks to be paid to their secured and priority creditors. This court is not of the opinion that the debtor's best effort is required by Section 1325 but it has been stipulated by the parties that this payment constitutes these debtors' best effort. Should these debtors be denied access to Chapter 13 where no payment is to be made to unsecured creditors if all of their available income is being expended in order to make reasonable payment to their secured creditors and to the entities holding tax claims against them? It would seem that the answer is no if the plan has a rehabilitative purpose within the concept of Chapter 13. The percentage to be paid to unsecured creditors is only one of the matters to be considered in determining whether a plan should be confirmed as having a worthwhile rehabilitative goal rather than being merely a case that should have been filed under Chapter 7 as a liquidation case.

In this case the debtors will pay under their plan over $5,000.00 in taxes and will be able to pay for and retain the vehicles used by them as transportation to and from their places of employment. This could not reasonably be expected to be accomplished in a Chapter 7 liquidation case. Were this a Chapter 7 case, as the objecting creditor states it should be, it would not improve this creditor's position as the debtors have no property over and above exemptions out of which any payment could be made to unsecured creditors.

It is concluded that the plan of the debtors is filed in good faith, meets all of the other requirements of Sections 1322 and 1325 of the Bankruptcy Code, and should be confirmed.

An appropriate order will be entered this date overruling the objection and ordering the plan confirmed by separate order.