**In re Joseph Preston CHARNOCK, Debtor.**

**Bankruptcy No. 81–00313–N.**

United States Bankruptcy Court, E. D. Virginia, Norfolk Division.

June 4, 1981.

creditors from 100% to 25% of the respective debts.

■ In addition to the tests set forth at 11 U.S.C. 1325(a), the Court is of the opinion that payments to creditors must be substantial and meaningful. *In re Barnes*, 5 B.R. 376, 6 BCD 1241 (Bkrtcy. D.D.C. 1980); *In re Hurd* 4 B.R. 551, 7 BCD 412 Bkrtcy. W.D. Mich. 1980); *In re Heard*, 6 B.R. 876, 6 BCD 1272 Bkrtcy. W.D.Ky. 1980); *In re Schongalla*, 4 B.R. 360, 6 BCD 408 (Bkrtcy. D. Mo. 1980). The reasoning in the *Barnes* case is particularly cogent and sound.

Accordingly, the Court inquired of the debtor as to when the matter of reinstatement in employment would be resolved. Two weeks. Therefore, the Court advised it would adjourn the confirmation hearing to July 1st in order to consider the holding of the review board. In the interim the Court directed that the debtor commence payments under his modified plan, $129.79 per month. This was unsatisfactory to debtor's attorney.

Accordingly, we must consider what is before the Court, the modified, 25%, plan. This plan is not confirmed.

■ Where the debtor proposes a meaningful and substantial payment to creditors alters it drastically upon what may be temporary employment difficulties, and may well return to his regular employment, it is not a meaningful and substantial payment of 25%.

If the debtor is not reinstated, the court would have decided confirmation upon the existing situation, but where meaningful and substantial payments loom as an almost immediate possibility, that should be first resolved. What is meaningful and substantial depends upon the circumstances.

One wonders, too, about the debtor's good faith where he will not make payments in the interim upon his own modified plan. This would be the least he would have to pay under any of the circumstances.

Confirmation is denied.

IT IS SO ORDERED.

L. S. Parsons, Jr., Parsons, Berry & Steffen, Norfolk, Va., for Norfolk Fire Dept.

Richard S. Harman, Norfolk, Va., for debtor.

David R. Levin, Portsmouth, Va., Trustee.

ORDER DENYING CONFIRMATION

HAL J. BONNEY, Jr., Bankruptcy Judge.

A creditor, Norfolk Fire Department Credit Union, filed an objection to confirmation of the debtor's Chapter 13 plan. At the confirmation hearing conducted on June 3, 1981, the Court took evidence and it develops that the debtor, since filing his case, has been suspended from the Norfolk Fire Department without pay. He anticipates, hopefully, reinstatement. The debtor filed a modified plan based upon present, reduced employment with a home improvement firm and reducing his payments to