**In re Thomas Graham SANDERS, II, Debtor.**

**Bankruptcy No. 81–10342.**

United States Bankruptcy Court, D. Kansas.

Aug. 19, 1981.

Martin E. Updegraff, Wichita, Kan., for John D. Greenstreet.

Dennis J. Molamphy, Wichita, Kan., for United American Bank & Trust Co.

Donald B. Clark, Wichita, Kan., for Thomas Graham Sanders, II.

## MEMORANDUM AND ORDER

ROBERT B. MORTON, Bankruptcy Judge.

## STATEMENT OF THE CASE

Debtor Thomas Graham Sanders filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 4, 1981. The debtor's plan proposes to make monthly payments to a creditor outside of the bankruptcy proceedings on a mortgage debt on the debtor's homestead. There are no other secured creditors. There are four unsecured creditors:

| | |
|---|---|
| John Greenstreet | $ 2,182.52 |
| James R. Schaefer | 2,300.00 |
| United American Bank & Trust | 68,508.10 |
| Wood Specialists | 360.00 |
| | $ 73,350.62 |

1.  11 U.S.C. § 32(c)(7) (1976).

The plan proposes the above creditors be paid pro rata as funds become available until ten per cent (10%) of each claim has been paid. Debtor requests approval for a payment period in excess of three years, but not more than five years. Two creditors, John D. Greenstreet and United American Bank & Trust Company, object to debtor's plan contending a discharge of the debts owed them was previously denied the debtor.

The denial of discharge was in the framework of prior proceedings initiated by Sander's voluntary petition for relief with this court on April 23, 1974. Only two creditors, John B. Greenstreet and United American State Bank & Trust Company (now United American Bank & Trust Company) were listed on the debtor's schedules. After extensive discovery and trial, this court determined debtor Sanders was denied a discharge of his debts for failure to satisfactorily explain losses of assets under section 14(c)(7) of the Bankruptcy Act.[1] The decision was affirmed by the Federal District Court for the District of Kansas and an appeal to the Tenth Circuit Court of Appeals was subsequently abandoned by the debtor.

United American Bank & Trust Company (Bank) and John D. Greenstreet, unsecured creditors, object to confirmation of the instant plan, which proposes to pay ten per cent (10%) of their respective unsecured claims, because ninety per cent (90%) of their previously determined nondischargeable debts would thereby be discharged.

## MEMORANDUM

Section 1325(a) of the Bankruptcy Code sets forth six prerequisites to confirmation of a plan proposed under Chapter 13 of the Code. If these requirements are met, the court is required to confirm the plan. In the instant case Bank argues that debtor's plan fails to meet two of the six requirements. Bank contends (i) a prior denial of discharge prevents the plan from passing the good faith test of section 1325(a)(3) and (ii) the value of property to be distributed

to them is less than they would receive if the debtor's estate were liquidated under Chapter 7; therefore, the plan does not satisfy the requirement of section 1325(a)(4).

■ Pursuant to section 523(a)(9) of the Code, a debt that was scheduled in a prior bankruptcy case in which the debtor was denied a discharge under section 14(c)(7) of the Bankruptcy Act is not dischargeable in a subsequent bankruptcy proceeding. This exception to discharge, however, is not applicable to a discharge granted under section 1328(a) of the Code. The latter states that only debts provided for under section 1322(b)(5) [certain long-term obligations specially provided for under the plan] or specified in section 523(a)(5) [alimony, maintenance, and child support] are excepted from discharge. All other debts are dischargeable under a Chapter 13 plan, unless the debtor receives a hardship discharge. This result obtains even though the debts may not be dischargeable in a Chapter 7 proceeding. Under the instant plan, the two objecting creditors would be paid ten per cent of their claims with the corollary that ninety per cent of their debts would be discharged. By contrast, those debts would be entirely nondischargeable in a Chapter 7 liquidation proceeding.

While recognizing that the good faith requirement of section 1325(a)(3) does not explicitly require that relief under Chapter 7 of the Code be available to a debtor before relief under Chapter 13 may be sought, Bank argues that application of the good faith test mandates an examination of all the circumstances surrounding the plan's proposal, including the existence of nondischargeable obligations. This view is consistent with that of other courts.

> [T]he good faith requirement of section 1325(a)(3) should be interpreted as meaning that such plans cannot be confirmed without an inquiry into all of the circumstances involved in each individual case. This inquiry is mandated by the spirit of Chapter 13 as evidenced by its legislative history and the application and interaction of particular provisions of the Bankruptcy Code.

*In re Schongalla*, 4 B.R. 360, 6 B.C.D. 408, 409 (Bkrtcy.D.Md.1980); *see In re Hurd*, 4 B.R. 551, 6 B.C.D. 412, 418 (Bkrtcy.W.D. Mich.1980).

■ This court concludes that the existence of a nondischargeable debt is a factor which the court may consider when determining whether a plan has been proposed in good faith pursuant to Code section 1325(a)(3). The plan in the instant case classifies unsecured nondischargeable debts with other unsecured dischargeable debts and proposes to pay ten per cent to all claimants in that class. Such treatment of unsecured claims appears to conform with section 1322(a)(3) of the Code, which compels the debtor to propose identical treatment of each claim within a particular designated class. Unsecured claims, however, are not required to be classified in the same class. Indeed, section 1322(b)(1) permits a plan to "designate a class *or classes* of unsecured claims, as provided in section 1122 of this title" (emphasis added). Thus, a Chapter 13 debtor is referred to section 1122 for guidance in classifying claims.

Section 1122(a) of the Code provides that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." Section 1322(b)(1), therefore, permits the designation of classes of unsecured claims as authorized under Chapter 11, which restricts membership in a particular class to claims that are *substantially similar. See* 5 Collier on Bankruptcy, paragraph 1322[3][A], at 1322–6—7 (15th ed. 1980). An important distinction exists among the unsecured claims in the instant case which prevents them from being substantially similar: two of the claims are judicially determined nondischargeable debts[2] while the remainder

---

2. Because this court determined that a discharge should be denied the debtor in a prior bankruptcy proceeding, debts that were scheduled in the prior proceeding are determined to be nondischargeable under section 523(a)(9) of the Code.

are dischargeable.[3] Consequently, if the debtor were to request relief under Chapter 7 rather than Chapter 13, those two unsecured debts in the former category would be entirely nondischargeable while the remaining unsecured debts could be discharged. That disparity is significant and sufficient to render the claims purportedly in the same class not "substantially similar" in the requisite sense.

The court determines that there are, in effect, two classes of unsecured claims in this case: (1) nondischargeable unsecured claims and, (2) dischargeable unsecured claims. As has been noted, the debtor's plan does not reflect the distinction and attempts to classify in a single class claims that are not substantially similar. In that respect, the plan fails to provide uniform and fair treatment to all claimants and, for that reason, does not meet the "good faith" test of section 1325(a)(3).[4] The objections to the plan and its confirmation are sustained and confirmation of the plan is denied without prejudice to the submittal of an amended plan on or before September 14, 1981.

IT IS SO ORDERED.

---

3. There is no suggestion that the respective debts to James R. Schaefer and Wood Specialists are nondischargeable. See debtor's memorandum, file document 12, in support of the proposed plan.

4. *See In re McMinn*, 4 B.R. 150, 6 B.C.D. 297 (Bkrtcy.D.Kan.1980) holding a proposed one per cent payment of nondischargeable debt not in good faith.