**In re Coy RABURN and Ruth Raburn, Debtors.**

**Bankruptcy No. 80–00075–ALB.**

United States Bankruptcy Court,
M. D. Georgia,
Albany Division.

June 13, 1980.

Robert L. Kraselsky, Albany, Ga., for debtors.

Joe M. Flournoy, Columbus, Ga., Chapter 13 Trustee.

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

This case is before the Court pursuant to an Order of this Court dated June 4, 1980,

wherein the debtors were required to submit a written plan which might be understood by creditors and also to show how the plan would meet with the good faith requirements required for confirmation. The debtors did appear on June 10. No written plan was submitted; but at the hearing, counsel for the debtors explained the plan and contended that the case was filed in good faith and should be confirmed. At the conclusion of the hearing the Court stated that the case would be dismissed, as it did not appear to be a plan under Chapter 13 as contemplated by Congress. The Court now makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

In this Chapter 13 case, under the new Bankruptcy Code, the debtors, wage earners, have filed a Chapter 13 Statement showing a total of unsecured creditors in the amount of $8,254.72. It shows secured creditors in the total of $5,650. The debtors say that two of the scheduled secured creditors have non-possessory, non-purchase money security interests in property, the liens for which will be avoided under § 522(f). When this is accomplished, it will leave one secured creditor, Western Auto Store, who holds a purchase money security interest in certain furniture and a television set. Western Auto Store's debt is $656. Western Auto Store. is the only debt·to be paid through the plan, and the contract payment of $51.50 per month is proposed to be paid at the rate of $30 per month for 24 months, and this $30 per month included commissions for the Chapter 13 Trustee. When the liens are avoided, all the debts will be unsecured debts except for Western Auto. Under this plan the debtors propose to dispose of $13,904 in total debt of which only $656 will be paid to Western Auto Store. At the conclusion of the 24-month period the debtors will have paid Western Auto Store, and the balance of the total debt will be discharged.

Debtors' counsel admits that this is an "extreme" case, and the Chapter 13 Trustee says he has never seen a case so "small" and

that he could not profitably administer many such cases.

■ To this Court it is unconceivable that it was the intent of Congress for courts to confirm such plans as this. The literal provisions for confirmation of a plan may be fully complied with, but as in *In re Paul Eugene Burrell, Debtor*, 2 B.R. 650, 5 Bankr.Ct.Dec. 1321, a Chapter 13 case from the Bankruptcy Court in the Northern District of California, one must assume there was an oversight on the part of Congress. As in that case, substantial payment· and best effort requirements must be read into 11 U.S.C. § 1325(a). And Congress has defined "substantial" as 70 percent or more of allowed unsecured claims. *In re Richard F. Iacovoni, et al.*, from the Bankruptcy Court in the District of Utah, 2 B.R. 256, 5 Bankr.Ct.Dec. 1270, a meaningful amount must be proposed to be paid to unsecured creditors, and in the instant case, meaningful would mean a minimum of 70 percent of the allowed unsecured claims.

A number of bankruptcy courts have been confronted with same or similar problems as in this case in trying to determine exactly what Congress meant. Among others, see the cases stated in Footnote 3 *In the Matter of Earl Harland, II*, 3 B.R. 597, 6 Bankr.Ct.Dec. 235, 237. As stated there, the various bankruptcy courts have come to widely varying results. Until there are appellate court decisions to the contrary, this Court will follow the conclusions reached above.

■ One other thing needs to be added. If this is the type of case contemplated for a Chapter 13, why was it necessary for Congress to enact a Chapter 7 with its restrictions on reaffirmation of consumer debts. A Chapter 7 is for liquidation and a discharge in bankruptcy. A Chapter 13 is a vehicle for the debtor to pay all or a portion of his debts, and if this be so, it is not unreasonable. to require that he pay 70 percent of the allowed unsecured claims. The line has to be drawn at some point, and this is the point which this Court will use until clarified by Congress or appellate court decisions. Counsel for the debtors, at the

conclusion of the hearing, asked for some direction for him and the bar as to the Court's view on this current problem and we trust that this will give him some direction.

In conclusion, the U. S. Supreme Court, *In re Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 says "there is an overriding consideration that equity principles govern the exercise of bankruptcy jurisdiction." This being so, and Congress having failed to more closely delineate the lines bounding the use of Chapter 13, equity principles could not allow the confirmation of the plan proposed by the debtors in the instant case. Equitable principles would allow confirmation of plans, within the 70 percent, to allowed unsecured claims as outlined above.

An Order dismissing the Chapter 13 case is entered simultaneously herewith.