**In re James H. POFF, Debtor.**

**Bankruptcy No. 2–80–02445.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Sept. 17, 1980.

As Amended Oct. 6, 1980.

Mitchel D. Cohen, Columbus, Ohio, for debtor.

Frank M. Pees, Trustee, Worthington, Ohio, Kingston E. Malley, Jr., Columbus, Ohio, for G.E.C.C.

## ORDER ON OBJECTION TO CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of the objection to confirmation of the Chapter 13 plan proposed by James H. Poff. The objection has been filed by General Electric Credit Corporation (G.E.C.C.) and rests on two bases:

(1) The pre–petition unauthorized sale by the debtor of the collateral formerly held by General Electric Credit Corporation as security for its loan and

(2) The proposed length of the Chapter 13 plan which is sixty (60) months.

The debtor filed a Chapter 13 petition with this Court on July 10, 1980. The terms of the plan, as proposed, include the payment of $60.00 per week to the Chapter 13 trustee for payment of all priority and administrative expenses, payment of secured claims 100% of the value of their collateral as determined by the Court, and a dividend of 50% for all allowed unsecured claims. The plan as proposed, would last approximately sixty (60) months.

With respect to the first ground for objection to confirmation, the Court hereby finds that James H. Poff had previously granted to G.E.C.C. a security interest in a piano. Poff sold the piano prior to the filing of the petition in this case, and in contravention of the terms of his agreement with G.E.C.C., and then failed to apply the proceeds of sale to the G.E.C.C. debt. The evidence in this record proves no more than these facts. The Court finds that these facts, standing alone, do not establish a grounds for objection to confirmation. Under some circumstances the use of the Chapter 13 remedy by a debtor whose sole or primary purpose is to avoid certain nondischargeability provisions of § 523 of the Bankruptcy Code (and take advantage of the more liberal § 1328 discharge) may not be appropriate and be considered a violation of the "good faith" standard set forth in § 1325(a)(3) of the Bankruptcy Code. The objection of G.E.C.C. in this case has not adequately proved a lack of good faith on the part of this debtor in using the Chapter 13 remedy.

With respect to the second ground for objection to confirmation, the Court notes that the provisions of § 1322(c) of the Bankruptcy Code state:

> "The plan may not provide for payments over a period that is longer than three years unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." 11 U.S.C. § 1322(c).

The plan proposed by this debtor calls for payments over a five year period. No cause has been shown to this Court why such a plan should be approved by this Court. The rationale underlying the enactment of this time restriction on Chapter 13 plans is expressed in the House Judiciary Committee report:

> "On the other hand in certain areas of the country inadequate supervision of debtors attempting to perform under the wage earner plans have (sic) made them a way of life for certain debtors. Extensions on plans, new cases, and newly incurred debts put some debtors under court supervised repayment plans for seven (7) to ten (10) years. This has become the closest thing there is to involuntary servitude ..." H.R.Rep. No. 595, 95th Cong., 1st Sess. 117 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6078.

█ It is clear that the Congressional intent was to avoid imposition of long term repayment plans on debtors, and, concomitantly, necessarily avoid the extreme delays in dividend payments to creditors in such lengthy plans. The definition of "for cause" used in § 1322(c) of the Bankruptcy Code is left to judicial discretion, to be decided on a case by case basis. In the present case before the Court, it is not enough that the debtor's desire is to pay over a five year period. In this Court's view, it may be only appropriate to consider confirmation of a plan where payments are proposed to last more than three years when that plan is an extension plan (100%), or a composition plan with a substantial dividend (at least 70%). The rationale for this position is two–fold. First, it is clear from the legislative history of Chapter 13 that Congress contemplated that the Chapter 13 remedy was to be used as a vehicle for payment of meaningful, and perhaps substantial, dividends to creditors. Testimony before congressional committees considering the then proposed bankruptcy legislation characterized composition plans as "partial bankruptcies" and low percentage composition plans (6% in the example cited) as "that is bankruptcy." *Hearings of the House Subcommittee on Civil and Constitutional Rights of the House Judiciary Committee on H.R. 31 and H.R. 32*, 94th Cong., 1st and 2nd Sess. 1435 (1975–76), (Comments of Robert E. Loheit). Indeed Congress acted on that intention and actually provided some additional benefit to debtors who proposed and completed at least a 70% plan. The discharge provisions of Chapter 7 of the Bankruptcy Code allow for the granting of a Chapter 7 discharge even if there had been a Chapter 13 discharge in certain cases, but only if the Chapter 13 case paid a 100% dividend, or at least a 70% dividend with other conditions attached. 11 U.S.C. § 727(a)(9). In fact, while this Court has not so held, at least two courts have held that Chapter 13 plans which even propose a dividend of less than 70% (without regard to its proposed length) cannot be confirmed. *In Re Burrell*, 2 B.R. 650, 5 B.C.D. 1321 (N.D.Cal.1980) and *In Re Raburn*, 4 B.R. 624, 6 B.C.D. 453 (M.D.Ga. 1980). These cases, however, deal with an interpretation of § 1325(a)(3) of the Bankruptcy Code, not § 1322, and are cited only to illustrate the extent to which the perceived legislative intent to provide a substantial or meaningful dividend in a Chapter 13 case has been carried.

█ Thus, it is not inconsistent with legislative intent to find that Congress used the term "for cause" in § 1322(c) for a reason, that reason being to allow and encourage longer plans only where necessary to pay a substantial dividend to creditors. This Court holds in order to secure confirmation of a Chapter 13 plan proposing to

last more than three years a debtor must propose at least a 70% dividend to the least favored class of unsecured creditors.

A second rationale supporting the need for a higher dividend proposal on long–term plans is one based in empiricism. From the debtor's viewpoint, long–term plans with a low dividend are marginal in terms of feasibility. There is usually little or no room for post–petition modifications to accommodate changed circumstances and experience has shown that such plans rest on a delicately balanced budget which is not likely to maintain its integrity over a five year period. In fact, the present case is an example of such a budget. After payment of all projected necessary recurring monthly expenses (such as rent, utilities, food–budgeted at $100.00 per month, and transportation) this debtor projects a surplus of $261.00. The plan calls for a $260.00 per month payment, leaving exactly a $1.00 cushion. This is hardly realistic. Further, in proposing a full five year pay–out, this debtor has allowed himself no opportunity to even request a delay or suspension of payments during the pendency of the plan. There is little likelihood that this debtor will have no emergency or circumstance occur during this lengthy period which will interfere, however temporarily, with his ability to make plan payments. From the creditors' viewpoint also (remembering that unsecured creditors are now disenfranchised) a low percentage five year Chapter 13 plan may be the functional equivalent of a Chapter 7 in terms of a meaningful and useful dividend. What solace can an unsecured creditor take in receiving a 10% dividend on its claim in the fourth year and eleventh month after confirmation?

Congress, while not specifically defining "for cause" as used in § 1322(c) of the Bankruptcy Code, clearly intended that plans proposing to last more than three years have some special supporting reason. In the context of this case no such reason has been put forth. The debtor has thus failed to comply with one of the provisions of the Bankruptcy Code, specifically, § 1322(c), and the Court thus hereby denies

confirmation of the proposed Chapter 13 plan. 11 U.S.C. § 1325(a)(1).

IT IS SO ORDERED.