**In re Paul J. STEIN Barbara A. Stein, Debtors.**

**Bankruptcy No. 2–81–03859.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Feb. 4, 1982.

Richard A. Baker, Cambridge, Ohio, for Cambridge Production Credit Association.

Richard F. Schmidt, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, trustee.

## ORDER ON OBJECTION TO CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of an objection to confirmation of the Chapter 13 plan proposed by Paul and Barbara Stein. The objection has been filed by Cambridge Production Credit Association ("CPCA") and rests upon the following grounds:

(1) The plan proposed exceeds three (3) years provided for in § 1322(c) without any showing of just cause, and

(2) The plan expands the co-debtor stay beyond § 1301 of the Bankruptcy Code by providing that "any creditor receiving any money under this Chapter 13 plan is precluded from collecting against any co-signer, co-maker, co-obligor, or co-guarantor of the debtors."

Other grounds, previously asserted by CPCA, have been withdrawn.

The debtors' Chapter 13 plan calls for an initial payment of $12,214.53, payment of

$1,800.00 per month for approximately fifty-one (51) months, and payment of a 100% dividend on all allowed secured and unsecured claims. CPCA is a creditor holding a security interest in the form of a second mortgage on the real estate owned by the debtors plus a security interest in livestock, farm equipment and proceeds. The amount of the CPCA claim is presently $80,543.75, and the claim appears to be fully allowable as a secured claim in this proceeding.

The debtors are engaged in a family farm operation. In October, 1980, the debtors entered into a transaction with CPCA which reconsolidated previously existing CPCA debts and paid off all other debts owed by the Steins. In connection with this transaction, CPCA loaned monies in order to pay off various business debts owed by the Steins in connection with their farming operation, including debts on a combine, cattle, fertilizer, farming equipment, and hay and seed, and also paid off some personal obligations, including advances made by Mrs. Stein's parents for food and doctor bills incurred by the Stein family. A great majority of the debts paid off by the October, 1980, loan, however, were farming-related debts.

The first grounds asserted by CPCA in its objection relates to the time limitation contained in § 1322(c) of the Bankruptcy Code. That section provides:

"(c) The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years." 11 U.S.C. § 1322(c).

This Court has considered that the desire of Chapter 13 debtors to pay a dividend of at least 70% to creditors is "good cause" under the statute for the extension of a Chapter 13 plan for a period that is longer than three (3) years. See In re *Poff*, 7 B.R. 15 (Bkrtcy.S.D.Ohio 1980). The debtors in this case are seeking to pay a 100% dividend to all their creditors, and in this Court's opinion, this objective clearly merits the approval of a plan that will last longer than three years, but less than five

(5) years. This ground for objection to confirmation is hereby overruled.

One of the stated objectives of these debtors in proposing their present plan is the protection of Mrs. Stein's parents on certain obligations on which they are co-signed. The drafters of the Bankruptcy Code provided for limited benefits to co-signers of Chapter 13 debtors by stating in § 1301 of the Bankruptcy Code:

"(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title. ..." 11 U.S.C. § 1301(a).

It is clear, however, that the reach of this statutorily provided co-debtor protection does not extend to co-debtors on non-consumer debt. Consumer debt is defined in § 101(7) of the Bankruptcy Code to mean "debt incurred by an individual primarily for personal, family, or household purpose." The debt of the Steins to CPCA does not appear to fall within the definition of "consumer debt." Initially, it has been admitted that a large portion of the debt encompassed obligations relating directly to the family farming operation, an operation which is, in fact, the debtor's business. Secondly, a consumer debt does not apparently include a debt to any extent the debt is secured by real property. See 124 Cong. Rec.H. 11,090 (Sept. 28, 1978) and S. 17,406 (Oct. 6, 1978). The CPCA debt is a non-consumer debt for each of these reasons.

It thus appears that the co-debtor stay provided for in § 1301 of the Bankruptcy Code does not apply to the CPCA obligation and the ability of CPCA to pursue Mrs. Stein's parents on that obligation. The

plan, however, attempts to impose such stay on CPCA by providing that "Any creditor receiving any money under this Chapter 13 Plan is precluded from collecting against any co-signer, co-maker, co-obligor or co-guarantor of the debtors." It is this language to which CPCA objects.

This Court is of the opinion that the expanded co-debtor stay provided for in the debtors' plan prevents confirmation of that plan where a creditor has raised an objection to it. While the debtors' plan satisfies the confirmation standards contained in § 1325 in all other respects, it cannot be confirmed over the objection of a creditor whose rights against non-debtors are substantially impaired under the provisions of the plan.

The debtors, however, at the time of the confirmation hearing, indicated that if the objectionable language on the co-debtor stay were considered inappropriate by the Court, that they wished an alternative plan to be considered by the Court, a plan which would exclude the objectionable co-debtor language. It would appear to the Court that the Chapter 13 plan of these debtors, absent the objectionable co-debtor language, is confirmable by this Court. The Court thus finds that the objection to confirmation filed by CPCA is meritorious and it is hereby sustained insofar as the objection is directed to the inclusion in the Chapter 13 plan of the broadened co-debtor language. In all other respects, the objection to the Chapter 13 plan by CPCA is hereby found to be without merit and it is hereby overruled. The Court further finds that the debtors' alternate plan, one which eliminates the objectionable feature of their original plan, should be confirmed. An Order confirming such alternate plan will be issued forthwith.

IT IS SO ORDERED.