**In re Jeffrey Nobuo IKEDA and Doriann Dorothea Ikeda, Debtor.**

**Bankruptcy No. 83–00614.**

United States Bankruptcy Court, D. Hawaii.

March 6, 1984.

Alan Chock, Honolulu, Hawaii, for creditor.

Ray Olmstead, Kailua-Kona, Hawaii, for debtor.

## ORDER RE: APPLICABILITY OF CODEBTOR STAY

JON J. CHINEN, Bankruptcy Judge.

The Motion For Relief From Stay filed herein on January 6, 1984, by American Savings and Loan Association (hereafter "Creditor") was brought on for preliminary hearing by telephone conference before the undersigned Judge on January 23, 1984. At said conference, creditor was represented by Allan S. Chock, Esq., and debtors Jeffrey Nobuo Ikeda and Doriann Dorothea Ikeda (hereafter "Debtors") were represented by Ray H. Olmstead, Esq. At this conference, the issue arose whether the debt to creditor was a "consumer" debt and consequently whether, pursuant to 11 U.S.C. § 1301, the

co-obligors on the debt were protected by the automatic stay. The Court took the matter under advisement and extended the stay, requesting memoranda from counsel on the issue whether the mortgage loan constituted a consumer debt entitled to the protection of the codebtor stay of 11 U.S.C. § 1301.

The Court having received and reviewed supplemental memoranda submitted by counsel and being fully apprised of the record herein and the argument of counsel at the aforesaid hearing, enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Debtors herein filed a joint Voluntary Petition Under Chapter 13 of Title 11 of the United States Code on December 14, 1983.

2. Debtors' assets include the real property situate at Kealakehe, North Kona, Island, County and State of Hawaii, which is debtors' principal residence and is the subject of the instant motion, hereafter "subject property".

3. Creditor holds a first mortgage against the subject property securing a promissory note dated December 7, 1979, in the original sum of $57,920.54. Said note and mortgage are in default by reason of Debtor's failure to make payments due thereunder.

4. The mortgaged property and creditor's mortgage are the subject of a pending foreclosure action filed as Civil No. 9249 in the Third Circuit Court, State of Hawaii, which action has been stayed by the Debtors' filing of the Chapter 13 petition herein.

5. In addition to Debtors, John J. and Margaret Yuson, (hereafter "co-obligors"), parents of Doriann Ikeda, co-signed the note to Creditor and are obligors thereon and defendants in the aforementioned foreclosure action.

6. 11 U.S.C. § 1301: "Stay of Action against codebtor", the controlling section on the codebtor stay, states:

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless . . . .

The Legislative History accompanying this section states, "The automatic stay under this section pertains only to the collection of a consumer debt, defined by section 101(7) to mean a debt incurred by an individual primarily for a personal, family, or a household purpose."

7. 11 U.S.C. § 101(7) states that " 'consumer debt' means debt incurred by an individual primarily for a personal, family or household purpose." Both the House and Senate statements supporting the legislation state that, "A consumer debt does not include a debt to any extent the debt is secured by real property." 124 Cong.Rec. H11, 090 (Septm. 28, 1978): S 17,406 (Oct. 6, 1978). See also, 2 Collier on Bankruptcy (15th Edition, 1983), ¶ 101.07.

8. Debtors' counsel points out that the legislative history supporting the definition of consumer debt in 11 U.S.C. § 101(7) indicates that "(t)he definition is adapted from the definition used in various consumer protections laws. It encompasses only a debt incurred by an individual primarily for a personal, family, or household purpose." House Report No. 95–595, 95th Cong. 1st Sess. (1977) 309; Senate Report No. 95–989, 95th Cong. 2d Sess. (1978) 22, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5808, 6266. Debtors rely on this statement to analygize to various federal consumer protection laws, specifically those in Title 15 of the United States Code and commonly known as the Federal Consumer Credit Protection Act and the Truth in Lending Act. Debtors argue that, since there are provisions in the Title 15 legislation for protection of mortgage loans for real property used as debtors' residence, the intention of Congress in enacting § 1301 is to include mortgages for residential property as "consumer debts" within the provisions of the codebtor stay.

9. Creditors contend that Congress not only explicitly stated the intent to exclude loan secured by real property from the Code definition of consumer loans but that Congress has consistently distinguished between "residential mortgage transactions" and transactions for "personal, family or household use," as exemplified not only in 15 U.S.C.A. §§ 1601, 1602, where mortgage loans for real property are treated separately, but also within Chapter 13 of the Bankruptcy Code. See § 1322(b)(2) & (5) of 11 U.S.C.

## CONCLUSIONS OF LAW

The intent of Congress that "consumer debts" not include mortgage liens secured by real property is clearly stated in the legislative history. To then include mortgage liens secured by real property used as debtors' principal residence within the definition of "consumer debts" would undermine this Congressional intent.

Lacking specific authority to the contrary, this Court finds, as have other Courts, that the codebtor stay of 11 U.S.C. § 1301 does not apply to debts secured by real property. *In re Stein,* 18 B.R. 768 (Bkrtcy.S.D.Ohio, E.D.1982). See also *In re Burgess,* 22 B.R. 771, 773 (Bkrtcy.M.D.Tenn. 1982). The analogy to various consumer protection laws is misplaced in that within those laws specific sections deal with real property transactions, not because such are defined as "consumer loans" when residential property is involved, but because of the need to offer protections to borrowers financing residential property, as opposed to those borrowing for investment or speculation.

Based on the foregoing, this Court now holds that the automatic stay is not applicable to the codebtors in the instant case.