**In re David A. GUNDERSON, Lora A. Gunderson, Debtors.**

**Bankruptcy No. 386–06239H.**

United States Bankruptcy Court, D. Oregon.

March 10, 1987.

Longyear & Hayes, Sacramento, Cal., for Centurion.

Richard Parker, Portland, Or., for debtors.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Chief Judge.

This matter came before the court upon Centurion Mortgage Company's (Centurion) motion for relief from stay. Centurion is represented by Longyear & Hayes of Sacramento, California. The debtors are represented by Richard J. Parker of Tamblyn & Bush from Portland, Oregon.

The motion seeks relief from stay in order to foreclose on certain real property. Centurion is acting on behalf of Robert J. Stadelhofer and Christine S. Berg. Mr. Stadelhofer and Ms. Berg are the benefi-

ciaries of a trust deed encumbering the real property.

The real property is owned by one Gayla B. Giles. Ms. Giles, a Mr. Todd, and one of the debtors, Mr. Gunderson, executed a promissory note in favor of Mr. Stadelhofer and Ms. Berg in the amount of $60,000. Ms. Giles executed the trust deed on the real property in order to secure the note. It is agreed by the parties that Ms. Giles received none of the consideration for the loan.

The debtors' confirmed Chapter 13 plan provides that Centurion (and thus, Mr. Stadelhofer and Ms. Berg) will be paid in full.

The debtors argue that 11 U.S.C. § 1301 precludes relief from stay in this case. 11 U.S.C. § 1301(a) provides the following:

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

Further, Section 1301(c) provides the following:

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by continuation of such stay.

The debtors point out that Ms. Giles did not receive the consideration from the loan, the debtors' plan proposes to pay the claim in full and the creditor has not demonstrated any irreparable harm. Thus, the debtors conclude, Centurion is not entitled to relief from the stay provided in § 1301(a).

In response, Centurion argues that § 1301(a) is inapplicable in this case. In this regard, Centurion argues that the debt in question is not a "consumer debt", as that term is used in § 1301(a).

"Consumer debt" is defined in § 101(7) as a "debt incurred by an individual primarily for a personal, family, or household purpose." Centurion points out that the Congressional Record statements of Representative Edwards and Senator DeConcini demonstrate that the term "consumer debt", as defined in § 101(7), does not include a debt secured by real property.

In fact, this is the case. The Congressional Record of the House of Representatives from September 28, 1978 at page 32393 indicates that these legislators remarked as follows:

Section 101(7) of the House amendment contains a definition of consumer debt identical to the definition in the House bill and Senate amendment. A consumer debt does not include a debt to any extent the debt is secured by real property.

Based on this, at least one court has concluded that § 1301 does not apply in the case of a debt secured by realty. *In re Ikeda*, 37 B.R. 193 (Bankr.D.Hi.1984).

In spite of the legislative statements, however, this court declines to follow *Ikeda*. As the editor in Norton Bankruptcy Law & Practice noted:

The Congressional Statements confuse rather than clarify statutory construction of § 101(7). The language referring to a consumer debt as one which does not include a debt secured by real property does not follow from any revision of § 101(7) in HR 8200 or 2266. Whatever significance exists in the distinction between debts secured by real property, which debts otherwise satisfy the § 101(7) definition of consumer debts, and other consumer debts, lies in the

particular treatment of debts under § 524(c)(4) and 1322(b)(2). Consumer debt, as used elsewhere other than in § 524(c)(4) 1322(b)(2), picks up liabilities even though they may be secured by real property. e.g. §§ 722, 1301(a), and 1305(a)(2).

Norton Bankruptcy Law & Practice, Leg. Hist., p. 13.

Further, where the language of a statute is unambiguous, courts should not look beyond the statute to interpret its meaning. *Wilbur v. United States*, 284 U.S. 231, 237, 52 S.Ct. 113, 115, 76 L.Ed. 261 (1931).

There seems to be no dispute that the loan was incurred by the debtor in order to purchase a home for the debtor's family. This being the case, the debt falls squarely within the definition of "consumer debt" in § 101(7). Thus, the court need not, and should not, inquire further. *Id.*

Accordingly, since the plan provides for full payment of the debt and the other elements of § 1301(c) have not been demonstrated, the court will enter an order denying relief from stay to Centurion.