In the Matter of James M. THOMAS and Linda P. Thomas, Debtors.

**SOUTHTRUST BANK OF ALABAMA, as Assignee of Southtrust Mobile Services, Inc., Appellant,**

v.

**James M. THOMAS and Linda P. Thomas, Appellees.**

Bankruptcy No. 87–01903.
Adv. No. 87–0751.
Civ. A. No. 88–A–0902–E.

United States District Court,
N.D. Alabama, E.D.

Aug. 26, 1988.

Order on Denial of Rehearing
Sept. 19, 1988.

---

**2.** The Court recognizes the debtor's right to decelerate this debt under 11 U.S.C. § 1124(2).

Carlos E. Heaps, Heaps & Ramsey, Birmingham, Ala., for appellant.

Thomas J. Knight, Anniston, Ala., for appellees.

## MEMORANDUM OPINION

ALLGOOD, Senior District Judge.

In this Chapter 13 case, James M. Thomas and Linda P. Thomas (Debtors) filed an adversary proceeding to prevent South Trust Bank of Alabama, N.A. (SouthTrust) from foreclosing on their mobile home in a state court action SouthTrust brought after the stay was terminated under the self-destruct provision of § 362(e) of the Bankruptcy Code.[1] The bankruptcy judge granted summary judgment for the Debtors, leaving them in possession of the mobile home under a confirmed plan which made no provision for paying SouthTrust's debt which was scheduled as a secured claim in the Debtors' petition, 85 B.R. 608. After the expiration of the bar date set in the notice of meeting of creditors but prior to confirmation of the Debtors' plan, South-Trust attempted but was not permitted to file its proofs of claim pursuant to an administrative order of the bankruptcy court.

SouthTrust appeals from the bankruptcy court's adverse rulings. Jurisdiction is conferred by 28 U.S.C. § 158(a).

Pursuant to Rule 8013, "[f]indings of fact ... shall not be set aside unless clearly erroneous...." In the present case, the parties do not dispute the findings of fact of the bankruptcy court and thus the presumption of correctness applies thereto. This court is not, however, bound by the legal conclusions of the bankruptcy court and must formulate an independent determination of the legal issues involved. *Matter of Bufkin Brothers, Inc.*, 757 F.2d 1573, 1577–78 (5th Cir.1985); *Stewart v. Jones*, 35 B.R. 392, 394 (S.D.Ala.1983).

---

**1.** All references herein, unless stated otherwise, are to sections of the Bankruptcy Code, 11 U.S. C. §§ 101–1330, or to rules of the Bankruptcy Rules.

The sole issue presented on appeal is whether the bankruptcy court erred in reimposing the stay against a secured creditor which had obtained relief from stay under § 362(e) to prevent the creditor's recovery of its collateral where the creditor's secured claims were not provided for in the Debtors' confirmed Chapter 13 plan and the Debtors claimed no equity in the collateral.

On October 11, 1983, the Debtors granted a purchase money security interest in a 1982 Commodore Frontier mobile home to SouthTrust Mobile Services, Inc. (SMSI), which assigned its rights as secured party to SouthTrust. SouthTrust properly perfected its security interest in the mobile home by filing a financing statement with the Probate Judge of DeKalb County, Alabama. The Debtors filed their bankruptcy petition under Chapter 13 on March 2, 1987 and scheduled SouthTrust as a secured creditor in the amount of $11,621.93. In said petition the Debtors valued the mobile home at $8,000.00 and claimed no exemptions thereon. On July 14, 1987, seven days after the claims bar date[2] set in the notice of meeting of creditors, SouthTrust's attorney mailed to the bankruptcy court two proofs of claim on behalf of South-Trust[3] and requested that said claims be filed immediately so that SouthTrust could participate in the Debtors' plan which was to be confirmed on July 27, 1987.

Pursuant to an administrative order of the bankruptcy court[4] SouthTrust's proofs of claim were *not* deemed to be filed and to be allowed unless a party objected to their presumptive disallowance within 20 days after the clerk mailed notice of the ostensibly late claims to the appropriate parties. The clerk did not mail notice of South-Trust's claims until July 29, 1987, which was two days after confirmation of the Debtors' plan, and no one filed an objection to their disallowance.

Hence, SouthTrust's claims were not provided for in the Debtors' plan which was confirmed on July 27, 1987. The order of confirmation provided, *inter alia*, for (1) distribution to allowed claims only, (2) retention of liens by holders of allowed secured claims until such claims had been satisfied, and (3) vesting of property of the

**2.** Rule 3002(c) provides that in a Chapter 13 case, a proof of claim must be filed within 90 days after the first date set for the meeting of creditors pursuant to § 341(a). Rule 9006(b)(3) provides that the court may enlarge the time for filing claims only to the extent and under the conditions stated in Rule 3002(c)(1)–(6).

Rule 3002(c)(1)–(6) affords additional time for filing claims by the United States, a state or subdivision thereof; an infant, incompetent or the representative of either; a creditor whose security interest is avoided by judgment entered after the 3002(c) bar date; a creditor whose claim arises as a result of the debtor's rejection of an executory contract; creditors in a no-asset case where the assets are discovered subsequent to the notice to creditors not to file claims; and Chapter 7 creditors where a surplus remains after payment of all allowed claims. *But see In re Harris*, 64 B.R. 717 (Bankr.D.Conn.1986) (Rule 3002(c) bar date does not apply to secured creditors who may file claims up until date of confirmation hearing). *See also In re Dodd*, 82 B.R. 924 (N.D.Ill.1987) (creditor allowed to file late Chapter 13 claim where no notice of bankruptcy).

Compare Bankruptcy Rule 3003(c)(3) which allows the bankruptcy court in Chapter 9 and 11 cases to extend the time within which proofs of claim may be filed "for cause shown." The Eleventh Circuit Court of Appeals, in the case of *In re South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986), held that Rule 3003(c)(3) must be read in conjunction with Bankruptcy Rule 9006(b)(1), which provides that a party must show that its failure to file a claim before the court's deadline was the result of "excusable neglect."

**3.** The first proof of claim was dated March 23, 1987 in the amount of $17,087.84 and executed on behalf of SMSI. The second proof of claim was dated April 4, 1987 in the amount of $757.23 for arrearages through March, 1987 and executed on behalf of SMSI. Both proofs of claim listed the mobile home as security for the indebtedness and attached the appropriate documentation to establish the status of claims.

**4.** The Hon. L. Chandler Watson, Jr., handed down his administrative order on April 20, 1984. He subsequently supplemented the order on March 16, 1987 to include additional provisions pertaining to Chapter 11 claims. On July 25, 1988, Judge Watson revoked both of these administrative orders effective July 25, 1988 in cases now or hereafter pending before him, due to the deputy clerk's "reservation as to the propriety of the procedures followed by the clerk's office in Anniston in pursuance of the provisions of said orders, as well as the effectiveness of said procedures...."

estate in the Debtors only when the Debtors received a discharge under Chapter 13 or their case was dismissed.

On August 4, 1987, SouthTrust filed a motion for relief from automatic stay under 11 U.S.C. § 362 as a prerequisite to a detinue action to recover possession of the Debtors' mobile home. The Debtors objected to said motion, claiming that under § 1327 their confirmed plan bound South-Trust and that they were vested with title to the mobile home free and clear of South-Trust's claim or interest.

At a hearing held on August 26, 1987, within 30 days after said motion was filed, the court heard testimony that the indebtedness to SouthTrust exceeded the value of the mobile home and that the Debtors had made no payments on the debt to South-Trust since April 15, 1987. The motion was taken under advisement, but because the Debtors did not obtain a court order continuing the stay in effect pending further order of the court, the stay terminated as to SouthTrust's interest in the mobile home under § 362(e)[5] on September 3, 1987.

SouthTrust subsequently filed a detinue action in state court to reclaim possession of the mobile home, and the Debtors responded by filing an adversary proceeding against SouthTrust to enjoin SouthTrust from all conduct violating their confirmed plan. The bankruptcy court, after notice and hearings, entered preliminary and permanent injunctions, restraining SouthTrust from prosecuting the detinue action or repossessing the mobile home until the Debtors obtained a discharge under § 1328 or their Chapter 13 case was dismissed or converted.

SouthTrust contends on appeal that the lifting of the stay under § 362(e) constituted a valid adjudication of the rights of SouthTrust with respect to the mobile home and precluded the court, under the doctrine of *res judicata*, from reimposing the stay. According to SouthTrust, the Debtors, who chose not to appeal the final order under § 362(e), were barred from relitigating the automatic stay issue in the adversary proceeding which they filed to block SouthTrust's detinue action. Alternatively, SouthTrust contends that (1) because the Debtors claimed no equity in the mobile home, the mobile home was not property of the estate under § 541 sufficient to entitle the Debtors to possession thereof under § 1306(b), and (2) because SouthTrust was not required to file a proof of claim but could look to its lien for satisfaction of its claim under § 506(d)(2), the bankruptcy court erred in reimposing the stay where SouthTrust was afforded no adequate protection for its lien.

Conversely, the Debtors argue that because SouthTrust failed to file timely proofs of claim to be included in the Debtors' plan and failed to object to the confirmation of the Debtors' plan, SouthTrust is bound by the terms of the Debtors' confirmed plan under § 1327(a) and cannot disturb the Debtors' possession of the mobile home under § 1306(b) so long as the Debtors comply with the order of confirmation.

The present state of this Chapter 13 case is a veritable Pandora's box of anomalies. SouthTrust, on the one hand, is denied its right under § 362(e) to repossess the mobile home because the Debtors' confirmed plan, which does not provide for any distribution to SouthTrust, purportedly stays the creditor's repossession efforts.

The Debtors, on the other hand, are receiving the free use and enjoyment of the mobile home for the life of their confirmed plan simply because SouthTrust was pre-

---

**5.** Under 11 U.S.C. § 362(e), the automatic stay terminates 30 days after a request for relief from the stay "unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing...." To avoid automatic termination of the stay, the court has two alternatives, either (1) a final hearing is held and an order entered within 30 days of the request for relief or (2) a preliminary hearing is held within said 30-day period and the stay is provisionally continued in effect if the court finds a reasonable likelihood that the debtor will prevail, in which case the final hearing must be begun within 30 days of the preliminary hearing. Under Bankruptcy Rule 4001, if the court does not continue the stay within 30 days after the final hearing, the stay expires. *See Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir. 1982).

vented from filing its claims due to a local rule which has since been revoked by the bankruptcy court! [6]

Section 501(a) permits a creditor to file a proof of claim. The legislative history to § 501 clearly states that § 501(a) is permissive only and does not require the filing of a proof of claim by any creditor.[7] Under § 502(a), a proof of claim which is filed under § 501 is deemed allowed unless a party in interest objects under Rule 3007 and such objection is sustained. Section 506(d) addresses the status of a secured creditor's lien where the creditor fails to file a proof of claim:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless ...
>
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

■ Section 506(d)(2) codifies the rule of *Long v. Bullard*,[8] and its progeny which held that a secured creditor could rely on its lien and need not file a claim in bankruptcy to protect its lien.[9]

Although the Debtors do not deny that the lien of SouthTrust on the mobile home remains valid during the pendency of the Chapter 13 case, they contend that under § 1306 and § 1327, SouthTrust is precluded from repossessing the mobile home as long as their plan stands confirmed despite the plan's failure to provide for the claims of SouthTrust therein. The Debtors also posit that if they receive a discharge under § 1328, the lien of SouthTrust against the mobile home will be extinguished despite their having made no payments on the collateral since April 1987.

---

**6.** Under Rule 9029, "[i]n all cases not provided for by rule, the court may regulate its practice in any manner not inconsistent with these rules or those of the district in which the court acts." The term 'court' includes the judges of the district court and the bankruptcy judges of the district. Bankruptcy Rule 9001(4) and Advisory Committee note to the 1987 amendment to Bankruptcy Rule 9029. Any local rule promulgated pursuant to Rule 9029 cannot affect substantive rights. *See In re Order Interpreting Local Court Rule 10*, 18 F.R. Serv.2d 1422 (W.D. Tex.1974).

The bankruptcy court's administrative order of April 20, 1984, which treated ostensibly tardy claims as *not* being deemed to have been filed and allowed unless an objection to their disallowance was filed and sustained, affects the substantive rights afforded claimants under § 502(a), which deems a proof of claim filed under § 501 to be *allowed* unless a party in interest objects pursuant to Rule 3007 and such objection is sustained.

The procedure established by the administrative order is also inconsistent with Rules 3007, as discussed above, and 5005(b). Rule 5005(b) provides that a paper to be filed which is erroneously delivered to a bankruptcy judge should have the date of its receipt noted therein and should be transmitted "forthwith" to the bankruptcy court clerk. Rule 5005(b) further provides that "[i]n the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery." Although SouthTrust's proofs of claim were stamped "received" by the bankruptcy court on July 15, 1987, the clerk of the court failed to mail its "Notice of Defective Claim" to all parties re-

quired by the local rule until July 29, 1987, *two weeks* after its receipt by the court. The inefficient procedure resulting from the local rule contravened Rule 5005(b)'s requirements that (1) the court transmit "forthwith" the proofs of claim to the clerk and (2) the court, in the interest of justice, deems the claims filed as of the date of their original delivery to make said claims available for allowance or objection at the confirmation hearing. Ironically, the local rule effectively transformed the procedure established by the Code and rules into the proverbial "Chinese fire drill" which the bankruptcy court sought to avoid! It was thus proper for the administrative order to be revoked.

**7.** H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5963, 6307; S.Rep. No. 989, 95th Cong., 2d Sess. 61, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5847.

**8.** 117 U.S. 617, 620–21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886), *cited with approval in In Re Tarnow*, 749 F.2d 464 (7th Cir.1984) (because a lien is property, mere rejection of secured creditor's tardy proof of claim in Chapter 11 case does not extinguish lien). *See also United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982) for the proposition that a lien is a property right.

**9.** A creditor must file a proof of claim to participate in the distribution pursuant to a Chapter 13 plan because distributions under Chapter 13 plans are made only to creditors with allowed claims. § 1325 and Rule 3021. *See In re Francis*, 15 B.R. 998 (Bankr.E.D.N.Y.1981).

Section 1306(b) provides that except as provided in a confirmed plan or the order of confirmation, the debtor remains in possession of all "property of the estate," which is defined under § 541(a) to include, *inter alia,* "all legal or equitable interests of the debtor in property as of the commencement of the case."

Section 1327 provides as follows:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection. (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

With respect to subsections (b) and (c) of § 1327, the Debtors' confirmed plan provides that (1) all property of the estate will not vest in the Debtors until they are discharged under § 1328 or their case is dismissed and that (2) holders of allowed secured claims will retain their liens until such claims have been satisfied.

The leading case of *In re Honaker,* 4 B.R. 415 (Bankr.E.D.Mich.1980) is dispositive. In *Honaker,* the creditor had a security interest in a tractor and two snowmobiles but filed its claim in the debtor's Chapter 13 case late. The debtor asserted that the creditor was now a mere unsecured creditor in all respects and that under § 1327, the debtor was vested with the collateral free and clear of the lien of the creditor under his confirmed plan.

The *Honaker* court construed § 1327 as follows:

By Section 541(a)(1) the estate was vested with the same interest in the collateral that the debtor had, that is, an interest subject to a valid security interest. There has been no action in this case to void or set aside the lien securing the

Bank's claim. Then, by operation of Section 1327(b), that same interest is shifted again, this time from the estate back to the debtor. The question arises whether, by virtue of Section 1327(c), the debtor receives a greater interest than the estate had, in that the property is no longer subject to any liens. The language of Section 1327(c) is "free and clear of any *claim* or *interest,*" (Emphasis added). "Claim" is defined in the Code at Section 101(4). A "claim" is distinct from a "lien," which is defined in Section 101(28). The term "interest" is nowhere defined in the Code, but it would be odd if Congress had chosen that undefined term to mean "lien," when they could have used the defined term "lien" and avoided uncertainty. *Cf.* 5 Collier on Bankruptcy (15th Ed.), paragraph 1327.-01. As one commentator has observed,

". . . there appears to be no sound reason for lifting liens by operation of law at confirmation under Chapter 13." 5 Collier on Bankruptcy, (15th Ed.), paragraph 1327.01, p. 1327–5.

The reading of Section 1327 urged by Defendant would have the Debtor materially improve his financial position, by unencumbering pledged assets, through the simple expedient of passing his property through the estate. The result has little to recommend it.

4 B.R. at 416–17. (The term 'lien' is now defined in the Code at § 101(31)).

Thus, the court in *Honaker* held that the lien of the secured creditor upon the collateral was not invalidated by the Chapter 13 confirmed plan and that the creditor was entitled to relief from the stay because the debtor claimed no equity in the collateral in his plan.

The *Honaker* decision has been followed in the majority of Chapter 13 cases dealing with the purported extinguishment of a lien due to the creditor's failure to file a timely claim.

In the case of *In re Levine,* 45 B.R. 333 (N.D.Ill.1984), the district court held that a secured creditor's lien upon a Chapter 13 debtor's automobile remained intact, de-

spite the fact that the creditor failed to file a timely proof of claim against the debtor's automobile and notwithstanding confirmation of the Chapter 13 plan. The secured creditor's lien thus attached to the proceeds from the trustee's sale of the collateral following conversion of the case to Chapter 7.

The Fifth Circuit, moreover, in the case of *In re Simmons*, 765 F.2d 547 (5th Cir. 1985) agreed with the *Honaker* decision in holding that confirmation of the debtor's Chapter 13 plan which treated a creditor's statutory lien against the debtor's homestead as unsecured did not extinguish the lien.

In *In re Bradshaw*, 65 B.R. 556 (Bankr. M.D.N.C.1986), the court held that the mere failure of a secured creditor to file a timely proof of claim in a Chapter 13 proceeding did not void the creditor's lien despite the plan's confirmation and the debtor's possession of the collateral. The court held that although the debtor could take free of the creditor's unsecured claim for a deficiency, "the portion of the 'claim' defined as the lien which attached to the collateral never became part of the bankruptcy estate, thus did not vest with the debtor at confirmation, and passes through the bankruptcy." *Id.* at 559.

The *Bradshaw* court also addressed the debtor's argument that "provided for" in the plan included a "zero payment" to creditors who failed to file timely claims. The court dismissed this proposition as being ludicrous and held that "either the debtor provides for the value of the security or the creditor's right to the value of the security survives bankruptcy." 65 B.R. at 559 (citing *In re Rhoades*, 34 B.R. 168, 169 (Bankr.

D.Vt.1983) (zero payment does not satisfy requirement of being "provided for" by the plan) and *Matter of Hines*, 20 B.R. 44, 49 (Bankr.S.D.Ohio 1982) (lien survives Chapter 13 discharge where plan does not provide for payment to creditor in amount equal to its security)).

The *Bradshaw* court thus lifted the stay to allow the secured creditor to recover possession of its collateral because the creditor's value of its security was not provided for by the debtor's confirmed plan.

■ Although the *Honaker* decision and its progeny did not specifically construe the effects of §§ 1306(b) and 1327(a) upon the ability of a secured creditor to obtain relief from the stay, the logical corollary of the *Honaker* holding is that a Chapter 13 debtor cannot remain in possession of a secured creditor's collateral during the pendency of its plan where the debtor's plan makes no provision for the creditor's value of its security and where the sole reason for disallowance of the creditor's secured claim was the creditor's failure to file a timely proof of claim.[10]

■ It is important to note that in the overwhelming majority of Chapter 13 cases wherein a secured creditor was precluded from obtaining relief from stay following confirmation of the plan, the creditor's claim was in fact provided for in the plan.[11] Section 1327(a) would, however, preclude an unsecured creditor or a secured creditor seeking to recover an unsecured deficiency claim from obtaining relief from stay whether or not the unsecured claim is provided for in the plan.[12] This court therefore construes § 1327(a) very narrowly and

---

**10.** *See, e.g., In re Harlan*, 783 F.2d 839 (9th Cir.1986) (trustee entitled to relief from stay where secured claim on debtor's residence not included in Chapter 13 plan); *Matter of Boomgarden*, 780 F.2d 657 (7th Cir.1985) (secured creditor entitled to lift stay where creditor not adequately protected under Chapter 13 plan and debtor failed to show equity in the realty); *In re Britton*, 35 B.R. 373 (N.D.Ind.1982) (secured creditor who failed to object to Chapter 13 confirmed plan entitled to relief from stay where no adequate protection); *In re Cooley*, 37 B.R. 590 (Bankr.E.D.Pa.1984) (creditor allowed to lift stay where no adequate protection in Chapter 13

plan and debtor had minimal equity in mobile home).

**11.** *See, e.g., Matter of Lewis*, 8 B.R. 132 (Bankr. D.Idaho 1981); *In re Evans*, 22 B.R. 980 (Bankr. S.D.Cal.1982), *aff'd*, 30 B.R. 530 (Bankr. 9th Cir.1983); *In re Hebert*, 61 B.R. 44 (Bankr.W.D. La.1986); *In re Guilbeau*, 74 B.R. 13 (Bankr.W. D.La.1987); *In re Matthews*, 75 B.R. 379 (Bankr. E.D.Mo.1987); and *In re Gunderson*, 76 B.R. 167 (Bankr.D.Or.1987).

**12.** *See In re Bradshaw*, 65 B.R. 556 (Bankr.M.D. N.C.1986).

holds that § 1327(a) does *not* bar a secured creditor from seeking relief from stay where the creditor's claim is not provided for in the plan, the Chapter 13 debtor has minimal equity in the collateral, and the sole reason for disallowance of the creditor's claim is the creditor's failure to file a timely proof of claim.

The Debtors' contention that a secured creditor could thwart the rehabilitative purposes of Chapter 13 by purposefully refraining from filing a claim and looking to its lien for satisfaction thereof is without merit.

In the case *sub judice*, SouthTrust tried to file its proof of claim so that the Debtors could keep their homeplace. As far as SouthTrust knew, when its claims were mailed to the bankruptcy court over two weeks prior to the confirmation hearing, the claims were filed and deemed allowed under § 502(b). Because, moreover, South-Trust did not receive an objection to the allowance of its claims prior to the confirmation hearing, SouthTrust had no cause to object to the confirmation of the Debtors' plan. SouthTrust cannot be penalized for having its claims deemed *not* allowed pursuant to an administrative order of the court which is void on its face and which has since been revoked.

The Debtors, moreover, under Rule 3004,[13] could have filed a proof of claim on behalf of SouthTrust so that its claim would be provided for in their plan and they could retain possession of the mobile home. Instead the Debtors want to deny SouthTrust any distributions for three years while enjoying the use and possession of its mobile home. Under the Debtors' plan, the real victims in this case are the Debtors who, instead of obtaining the "fresh start" and rehabilitative effects of Chapter 13,[14] will lose their home the moment they receive a discharge under § 1328 or their case is dismissed or converted.

The bankruptcy court therefore erred in reimposing the stay under § 105(a)[15] on the premise that §§ 1327 and 1306 barred SouthTrust's attempts to recover possession of the mobile home.

■ This court holds as a matter of law that the lien of SouthTrust upon the mobile home has not been invalidated by the Debtors' Chapter 13 confirmed plan, and that SouthTrust is entitled to relief from the stay to pursue its detinue action to recover possession of the mobile home because the Debtors afford no adequate protection of SouthTrust's security in their confirmed plan and the Debtors claim no equity in the mobile home.

Nothing contained in this order shall preclude the Debtors from modifying their plan to provide for the secured claims of SouthTrust, should SouthTrust consent thereto.

REVERSED AND REMANDED.

A separate order in conformity with this memorandum opinion will be entered.

**13.** Rule 3004 allows the debtor or trustee to file a proof of claim on behalf of a creditor within 30 days after the Rule 3002(c) bar date where the creditor fails to file its claim by the bar date.

**14.** *In re Taddeo*, 685 F.2d 24 (2d Cir.1982) (construing analogous provisions under Chapter XIII); *Grundy National Bank v. Stiltner*, 58 B.R. 593 (W.D.Va.1986) (in Chapter 13 case, debtor's home is necessary to effective reorganization where debtor's primary purpose in filing Chapter 13 is to save home).

**15.** Under § 105(a), the bankruptcy court may issue any order necessary to carry out the provisions of the Code. Several courts have recognized the power of the court to reimpose the stay, typically where the stay lapsed under § 362(e) due to a clerical error or where the creditor clearly had no superior right to the collateral. *See, e.g., Matter of Martin Explora-*

*tion Company*, 731 F.2d 1210 (5th Cir.1984) (stay reimposed where movant's lien primed by another creditor); *In re Clark*, 69 B.R. 885 (Bankr.E.D.Pa.1987) (stay reimposed where clerk failed to schedule hearing until after 30 day statutory period expired); and *In re Walker*, 3 B.R. 213 (Bankr.W.D.Va.1980) (stay reimposed where Chapter 13 plan provided for creditor and debtor not in default thereunder).

The court notes that the bankruptcy court might have more judiciously used its equitable powers under § 105(a) to allow SouthTrust to file its claims so that the Debtors could enjoy continued possession of the mobile home by providing for SouthTrust's claims either inside or outside their Chapter 13 plan. *See In re Humblewit Farms, Inc.*, 23 B.R. 703 (Bankr.S.D. Ill.1982).

## ORDER DENYING MOTION FOR REHEARING

The appellees have filed a Motion for Rehearing wherein they ask this court to amend, alter and vacate its order of August 26, 1988.

In that order this court held that the Bankruptcy Court had erred in reimposing its stay which prevented SouthTrust Bank from recovering possession of the subject mobile home. Also in that order it was stated that nothing was to prevent the debtors from modifying their plan to include payments to SouthTrust, provided SouthTrust would consent to this modification.

By the Motion for Rehearing this court understands that the trustee has been disbursing funds to the allowed claimants of the debtors which does not include South-Trust. This court suggests that until such time as the Bankruptcy Court may reach a satisfactory settlement of this matter that in order to protect the trustee and all creditors that the Bankruptcy Court consider ordering that no further disbursements be made to any other creditor in this case.

The appellees' Motion for Rehearing states that according to Footnote 3 of this court's order that the appellant did in fact file their two claims before the bar date. Footnote 3 should be amended to read as follows:

3. The first proof of claim was dated March 23, 1987 in the amount of $17,-087.84 and executed on behalf of SMSI. The second proof of claim was dated April 4, 1987 in the amount of $757.23 for arrearages through March, 1987 and executed on behalf of SMSI. Both proofs of claim listed the mobile home as security for the indebtedness and attached the appropriate documentation to establish the status of claims.

The Bankruptcy Court is urged to utilize its equitable powers in reaching a settlement of this matter pursuant to this court's previous order.

This court's order of August 26, 1988 is affirmed except as amended. The Motion for Rehearing is hereby DENIED.