In the Matter of Constance L. GLEASON, Debtor.

ALABAMA POWER COMPANY, Appellant,

v.

Constance L. GLEASON, Appellee.

Civ. A. No. CV 88–PT–1391–S.

United States District Court, N.D. Alabama, S.D.

Oct. 31, 1988.

Romaine S. Scott, Jr., Balch & Bingham, Birmingham, Ala., for Alabama Power Co.

Frank LaBudde, Anniston, Ala., for Gleason.

Mavis Gardner, Anniston, Ala., trustee.

Harry Long, Anniston, Ala., for trustee.

## MEMORANDUM OPINION

PROPST, District Judge.

In this Chapter 13 case, the bankruptcy court denied the motion of Alabama Power Company (Alabama Power) for relief from the automatic stay to enforce its security interest in a heat pump owned by the Debtor, Constance L. Gleason. 89 B.R. 177, Alabama Power attempted but was not permitted to file its proofs of claim approximately one month following confirmation of the Debtor's Chapter 13 plan.[1]

Alabama Power appeals from the bankruptcy court's adverse ruling. Jurisdiction is conferred by 28 U.S.C. § 158(a).

This case presents virtually the identical issue which Judge Clarence W. Allgood of this Court recently addressed in the case of *SouthTrust Bank of Alabama, as Assignee of SouthTrust Mobile Services, Inc. v. Thomas*, 91 B.R. 117, 18 Bankr. Ct.Dec. (CRR) 147 (N.D.Ala.1988). In the *Thomas* case, Judge Allgood held that § 1327(a) does *not* bar a secured creditor from seeking relief from stay where its claim is not treated as an allowed claim in the plan, the Chapter 13 debtor has minimal equity in the collateral, and the sole reason for disallowance of the creditor's claim is the creditor's failure to file a timely proof of claim. *Id.* 91 B.R. at 123–24, 18 Bankr.Ct.Dec. (CRR) at 151–52. The judges of this court usually follow law pronounced by other judges of this court unless there appears a substantial reason not to. This court perceives no such reason here.

Applying the *Thomas* decision to the case *sub judice*, this court holds as a matter of law that the bankruptcy court erred in holding that § 1327(a) barred Alabama Power from seeking relief from the stay where its secured claim was not provided for as an allowed claim in the Debtor's plan and the sole reason for disallowance of Alabama Power's claim was its failure to file a timely proof of claim.[2]

However, because Alabama Power failed to present any evidence at the hear-

---

1. Although the record does not reflect the bar date set for the filing of claims in this case, the bankruptcy court's Order of June 28, 1988 states that June 30, 1987 was fixed as the bar date for filing said claims.

    On September 2, 1987, Alabama Power filed an Application for Order Extending Time to File Claims or for Leave to File Claims After Bar Date. Attached to said Application were two proofs of claim: the first proof of claim was presented for filing as a secured claim in the amount of $4,361.87 and executed on behalf of Alabama Power on July 2, 1987; the second proof of claim was presented for filing as an unsecured claim in the amount of $59.00 and executed on behalf of Alabama Power on July 2, 1987. The secured claim included a copy of the security agreement and financing statement evidencing the perfection of Alabama Power's purchase money security interest in the Debtor's heat pump.

2. The court notes that none of the cases cited by the bankruptcy court in its order denying relief from stay stand for the proposition that § 1327(a) bars a secured creditor from obtaining relief from stay to recover its collateral where the debtor's Chapter 13 plan makes no distribution to said secured creditor whose claim was disallowed because not timely filed.

    In particular, the case of *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir.1987), concerned the *res judicata* effect of a confirmed Chapter 11 plan which released a *guarantor's* liability to a creditor. In *Matter of Gregory*, 705 F.2d 1118 (9th Cir.1983), the Ninth Circuit Court of Appeals affirmed the bankruptcy court's denial of an *unsecured* creditor's complaint to have a debt declared nondischargeable where the Chapter 13 plan provided zero payments to all unsecured creditors. In *Matter of Lewis*, 8 B.R. 132 (Bankr.D.Idaho 1981), a secured creditor

ing to support the amount of its secured claim against the Debtor, the validity of its security interest in the heat pump, and the value of said heat pump, this case is hereby REMANDED to the bankruptcy court to conduct a final hearing on said motion for relief from automatic stay wherein said evidence should be presented and considered in ruling on the motion.

In remanding this case for a further hearing, this court is not in any respect modifying the holding in the *Thomas* case. On remand, the bankruptcy court will be governed by § 362(g) of the Bankruptcy Code. In this connection *see In re Allstar Building Products, Inc.*, 834 F.2d 898 (11th Cir.1987).

REVERSED AND REMANDED.

A separate order in conformity with this Memorandum Opinion will be entered.

See also, Bkrtcy., 91 B.R. 143.

was required to return its collateral to the debtor where the debtor's Chapter 13 plan provided for *distributions* to the secured creditor to pay the full allowed value of the creditor's secured claim. In the case of *In re Richards*, 50 B.R. 339 (E.D.Tenn.1985), the IRS, which failed to file a timely proof of claim in the debtor's Chapter 13 case, was prevented from collecting a tax penalty which was discharged under § 1328(a). Finally, in the case of *In re Brown*, 27 B.R. 771 (Bankr.N.D.Ill.1983), an *unsecured* creditor was prevented from filing its proof of claim three years after the bar date established in the debtor's Chapter 13 case.