Neel, J.
Plaintiff PNL, Texas, L.P. (“PNL”) requests the court to vacate a stay of proceedings ordered on Februaiy 10, 1998 by the court (Neel, J.). Defendants oppose PNL’s motion and move to dissolve a real estate attachment allowed by the court on Februaiy 9, 1998 (Zobel, J.).
On November 30, 1988, Richard Passalacqua executed a promissory note in favor of Boston Trade Bank[3] in the amount of $76,000 (“Note”). Defendants each signed as guarantors of the Note. Richard Passalacqua defaulted on the Note and, on August 1, 1997, filed a voluntary Chapter 13 petition under 11 U.S.C. §1301, in the United States Bankruptcy Court for the District of Massachusetts.
As soon as a debtor files a petition for bankruptcy, the automatic stay provision of 11 U.S.C. §1301 (“Section 1301”) takes effect, preventing all prepetition creditors from taking action to collect their debts. See Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26, 31 (1st Cir. 1994). Specifically, Section 1301 states that “a creditor may not act... to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt...” 11 U.S.C. §1301(a).
PNL argues that the automatic stay of Section 1301 does not apply to the defendants on the ground that the Note is not “consumer debt.” For support, PNL cites to In re Ikeda, 37 B.R. 193, 194 (Bankr. D. Haw. 1984), which held that an obligation secured by real estate cannot be consumer debt.
“Consumer debt” is defined as one incurred primarily for a personal, household or family purpose. 11 U.S.C. §101(8). Despite the holding in Ikeda, the court’s view is that the use of the proceeds of the debt should determine whether an obligation is “consumer debt.” See In re Zersen, 189 B.R. 732, 740, n.4 (Bankr. W.D. Wis. 1995) (real estate loan incurred to purchase a family home is consumer debt). In the present case, there is no evidence that the loan proceeds were used for anything but personal, household or family purposes. Therefore, defendants are protected by the automatic stay provision under 11 U.S.C. §1301.[4]
It is well-settled that proceedings in violation of an automatic stay are void. See Amonte v. Amonte, 17 Mass.App.Ct. 621, 624 (1984), citing In re Smith Corset Shops, Inc., 696 F.2d 971, 976 (1st Cir. 1982).
For the foregoing reasons, PNL’s motion to vacate stay of proceedings (Docket No. 17) is DENIED, and defendants’ motion to dissolve PNL’s real estate attachment (Docket No. 18) is ALLOWED.

PNL is successor in interest to Boston Trade Bank.

In addition, at least one court has held that the proper method of seeking to vacate an automatic stay is by motion to the bankruptcy court and not by separate action. Harris v. Fort Oglethorpe State Bank, 21 B.R. 1019, 1022-23 (Bankr. E.D. Tenn. 1982).